UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRATIK RAKESHKUMAR
PRAJAPATI,

        Petitioner,

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  US
ATTORNEY GENERAL,

        Respondents,

                       Case No. 2:26-cv-1906-KCD-KRH

## **ORDER**

Petitioner Pratik Rakeshkumar Prajapati is a citizen of India who overstayed a student visa. He filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement, which the Court denied. (Doc. 11.) Prajapati now moves for reconsideration of that decision. (Doc. 14.)

District courts have inherent authority to reconsider their orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance

the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 1369.

"[A] party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015). Yet that is exactly what Prajapati seeks here. His motion is essentially a rehash of the previously failed arguments. And to the extent he offers new points, he fails to explain why they were not raised earlier. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 694 (S.D. Fla. 2013) ("The reconsideration device is not designed to permit losing parties to prop up arguments previously made or to inject new ones[.]").

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Prajapati's motion does not meet this standard, and so it is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 15, 2026.

Kyle C. Dudek
United States District Judge